USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 2 9 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

DRYWALL TAPERS AND POINTERS OF
GREATER NEW YORK LOCAL UNION 1974,
AFFILIATED WITH INTERNATIONAL UNION
OF ALLIED PAINTERS AND ALLIED TRADES,
AFL-CIO and TRUSTEES OF THE DRYWALL
TAPERS AND POINTERS LOCAL UNION No.
1974 BENEFIT FUNDS

      Petitioners,

-against-

TIGER CONTRACTING CORP. a/k/a TIGER
CONTRACTING CORPORATION

      Respondent.

------------------------------------- X

ORDER

20 Civ. 10099 (GBD)

GEORGE B. DANIELS, District Judge:

  On March 10, 2021, Petitioners Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO, and Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds moved for summary judgment against Respondent Tiger Contracting Corp.[1] (*See* Mot. for Summ. J. ("Def.'s Mot."), ECF No. 16.) Petitioners seek to confirm an arbitration award from the Joint Trade Board which directs Respondent to (i) "pay $66,463.25 in benefits to the Local 1974 Benefit Funds"; (ii) "pay $334.74 in wages on behalf of Union member Michelle Black; and (iii) "pay $13,000 in fines to the 'Joint Board of the Drywall Taping Industry.'" (*See* Pet. to Confirm Arbitration Award ("Petition"), ECF No. 1 at 4.) The Respondent has not appeared in this action. Petitioners' motion for summary judgment confirming the arbitration award is GRANTED.

---

[1] Petitioners originally filed their motion for summary judgment on January 19, 2021, but due to a filing error were required to refile. (ECF No. 9.)

For summary judgment motions involving the confirmation of an arbitration award, "[t]he court's ruling must be based on the record, which includes the arbitration agreement and the arbitration award." *Trs. of the Unite Here Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006)). Therefore, "when ruling on a motion to confirm an arbitration award, the court 'cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.'" *Id.* (quoting *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004)). However, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Hernandez v. Goldfarb Props., Inc.*, No. 13 CIV. 8640 (LGS), 2017 WL 1378279, at *1 (S.D.N.Y. Apr. 14, 2017) (citing *D.H. Blair & Co.*, 462 F.3d at 110).

Here, the Joint Trade Board found that Respondent violated the collective bargaining agreement with Petitioner when it failed to submit remittance reports and benefit contributions, and engaged in discrimination against a job steward. (Def.'s Mot. at 4; ECF No. 2, Ex. A at 5.) "The arbitrator's finding is not disputed, and is supported by the record before the arbitrator at the time she made her decision." *Hernandez*, 2017 WL 1378279, at *2. "Therefore, as there are no material issue[s] of fact remain[ing] . . . and the arbitrator's decision can be inferred from the facts of the case, [Petitioners] are entitled to summary confirmation of the [a]ward." *Hernandez*, 2017 WL 1378279, at *2 (quoting *D.H. Blair*, 462 F.3d at 110) (internal quotation marks omitted).

2

Accordingly, Petitioners's unopposed motion for summary judgment seeking to confirm its arbitration award is GRANTED. The Clerk of the Court is directed to close the motions at ECF No. 9, ECF No. 16, and to close this case.

Dated: April 29, 2021
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE